**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Allen Glenn and Walter Linwood Anderson III, on behalf of themselves and all similarly situated individuals,**

**Plaintiffs,**

**vs.**

**Daddy Rock's, Inc.**

**Defendant.**

**00-CV-419 DSD/JMM**

**STIPULATION AND ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

It is hereby stipulated and agreed between the parties that the Plaintiffs may file an amended complaint. A copy of the Amended Complaint is attached to this stipulation.

Dated: June 21, 2000

Hedin & Goldberg, P.A.

Elizabeth Glidden (#238387)
Daniel S. Goldberg (#207354)
Douglas A. Hedin (
2100 Stevens Avenue South
Minneapolis, MN 55404
(612) 871-5500

Attorneys for Plaintiffs

Dated: July 6, 2000

Mansfield, Tanick & Cohen, P.A.

Marshall Tanick
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
(612) 339-4295

Attorneys for Defendant

FILED JUL 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

ORDER

IT IS SO ORDERED.

7/12, 2000

By the Court:

John M. Mason
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Allen Glenn and Walter Linwood Anderson III, on behalf of themselves and all similarly situated individuals,**

**Plaintiffs,**

vs.

**Daddy Rock's, Inc.,**

**Defendant.**

**00-CV-419 DSD/JMM**

**AMENDED COMPLAINT (Class Action with Jury Trial Demand)**

For their amended complaint against the defendant, the plaintiffs state as follows:

## I. INTRODUCTION

1. More than 100 years after the passage of the first civil rights law, 42 U.S.C. §1981, prohibiting discrimination on the basis of race, Daddy Rock's, a downtown bar in Minneapolis that is open to the public and serves refreshments and food, maintains a policy and practice of excluding African American men from its premises. Allen Glenn and Walter Linwood Anderson, African American men, bring this action on behalf of themselves and similarly situated African American men, because they were denied the right to step foot in Daddy Rock's, purchase refreshments, or purchase food, on the basis of their race.

## II. JURISDICTION

2. This action arises under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §2000a. Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343(4). The plaintiffs invoke the supplemental jurisdiction



FILED__________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

of this court to consider claims under state law.

## III. PARTIES

### A. Plaintiffs

3. Allen Glenn is an African American man who resides in Richfield, Minnesota. He was denied entrance to the defendant on the basis of his race during 1999.

4. Walter Linwood Anderson is an African American man who resides in Richfield, Minnesota. He was denied entrance to the defendant on the basis of his race during 1999.

### B. Defendant

5. Daddy Rock's, Inc. does business as a nightclub, bar and restaurant, serving beverages and food, at 315 - First Avenue North, Minneapolis, Minnesota, 55401. Its corporate registered office is also located at 315 - First Avenue North, Minneapolis, Minnesota 55401. It is a "person," as defined by Minn. Stat. §363.01, subd. 28, and a place of public accommodation, as defined by Minn. Stat. §363.02, subd. 33.

## V. CLASS ALLEGATIONS

6. Plaintiffs brings this action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. The class members are African American men who have been refused entrance to Daddy Rock's because of their race.

a. The putative class satisfies the prerequisites to a class action pursuant to Rule 23(a):

(1) **Numerosity**. The members of the class are so numerous that joinder is impracticable. It is estimated that the class consists of more than fifty

men.

(2) **Common Questions of Law or Fact.** There are questions of law or fact common to the class. These questions include whether the defendant discriminated against African American men by denying them entrance to Daddy Rock's on the basis of their race; whether the defendant refused to sell drinks and food to the plaintiffs and denied them equal benefit of the laws on the basis of their race, in violation of 42 U.S.C. §1981; whether the defendant denied African American men the full and equal use and enjoyment of the facilities, privileges, and advantages of Daddy Rock's because of their race in violation of Minn. Stat. §363.03, subd. 3; and whether the defendant refused to conduct business with the African American men on the basis of their race in violation of Minn. Stat. §363.03, subd. 8a.

(3) **Typicality of Claims or Defenses.** The plaintiffs' claims are typical of those of the class. Plaintiffs and similarly situated African American men have been and are adversely affected by the defendant's discriminatory actions, practices and policies, described below.

(4) **Adequacy of Representation.** The plaintiffs will fairly and adequately represent the class. Their claims are representative of the claims of the class, as detailed in the paragraphs below. Plaintiffs have retained counsel experienced in litigating class action discrimination claims.

b. This action is maintainable as a class action in accordance with Rule 23(b)(2) in that the defendant has acted or refused to act on grounds generally applicable to the

class, thereby making appropriate final injunctive and other relief with respect to the class as a whole. Defendant's actions or inactions arise from its pattern or practice of illegally excluding male African American members of the public from its premises.

c. The class as defined herein is also certifiable under Rule 23(b)(3) in that common questions of law or fact predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**VI. COUNT ONE**
**(Race Discrimination in Violation of 42 U.S.C. §1981)**

7. Plaintiffs reallege the allegations in paragraphs 1 through 6 above.

8. The plaintiffs attempted to enter the defendant to socialize, purchase refreshments and food, and avail themselves of the benefits and services of the defendant on several occasions during 1999, but were denied entrance on the basis of their race. These incidents occurred within one year prior to the date of filing this complaint, or after February 25, 2000.

9. On those occasions when plaintiffs attempted to enter the defendant, its agents and employees refused to permit the plaintiffs to enter, stating that their attire violated the defendant's alleged "dress code" and giving other false justifications for denying them entrance. The defendant's agents and employees permitted white persons to enter its premises whose attire violated the defendant's alleged "dress code." For example:

a. The plaintiffs were informed they could not enter the defendant because they were wearing necklaces. White persons wearing necklaces entered the defendant, purchased refreshments and food, and utilized its goods, services,

privileges and facilities on those occasions and others.

b. The plaintiffs were informed they could not enter the defendant because they were wearing hats. White persons wearing hats entered the defendant, purchased refreshments and food, and utilized its goods, services, privileges and facilities on those occasions and others.

10. The defendant's agents and employees refused to permit the plaintiffs to enter the defendant, purchase refreshments or purchase food from the defendant on the basis of their race, African American. Rather, the defendant's agents and employees informed the plaintiffs that they could not enter the defendant because of alleged "dress code" violations and other false justifications.

11. On information and belief, the defendant's alleged "dress code" is not applied to white persons; rather, it is used to exclude African American men from the defendant on the basis of their race.

12. On information and belief, the defendant does not maintain, publish, or distribute a "dress code" relating to its premises.

13. On information and belief, the defendant and its agents and employees maintain a practice, procedure and policy of denying African American men entrance to the defendant on the basis of their race.

14. On all occasions when the defendant's employees committed these discriminatory acts they were acting within the scope of their duties as agents of the defendants.

15. The defendant's actions had the purpose, intent, and effect of excluding the plaintiffs, African American men, from contracting with the defendant for refreshments and food.

16. Defendants' actions, described above, intentionally interfered with the plaintiffs' right and ability to contract with the defendant on the same basis and with the same freedom as enjoyed by white men because of their race, color, and ethnicity and interfered with their right to equal benefit of all laws. These actions violate the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, which provides in part that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . "

17. Defendants' discriminatory actions were intentional, repetitive, systematic and in deliberate disregard and gross indifference to the rights of the named plaintiffs and the class they represent.

18. As a result of the defendants' violation of 42 U.S.C. §1981, plaintiffs have suffered embarrassment, emotional distress, humiliation and indignity, and loss of enjoyment of life, each in amounts to be determined at trial.

**VII. COUNT TWO**
**(Public Accommodations Discrimination in Violation of the MHRA)**

19. Plaintiffs reallege the allegations in paragraphs 1 through 18 of this complaint.

20. Daddy Rock's is a "place of public accommodation," or establishment providing refreshment, entertainment, and recreation, whose goods, services, facilities, privileges, advantages, and accommodations are extended, offered, sold, or otherwise made available to the public, as defined by Minn. Stat. §363.01, subd. 33.

21. Defendant engaged in practices which denied, deprived, or otherwise interfered with the rights of plaintiffs to the full use and enjoyment of the services, facilities, privileges,

advantages, and accommodations of Daddy Rock's.

22. The defendant's agents and employees refused to permit the plaintiffs to enter the defendant on the basis of their race. With this action, the defendant denied plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its public premises because of their race, color, and ethnicity.

23. Defendant's discriminatory actions violate Minn. Stat. §363.03, subd. 3, which prohibits discrimination with regard to public accommodations.

24. As a result of the defendant's discriminatory acts, the plaintiffs have suffered embarrassment, emotional distress, humiliation and indignity, and loss of enjoyment of life, each in amounts to be determined at trial.

## VII. COUNT THREE
## (Business Discrimination in Violation of the MHRA)

25. Plaintiffs reallege the allegations in paragraphs 1 through 24 of this complaint.

26. By refusing to permit the plaintiffs to enter its premises, purchase refreshments, or purchase food on the basis of their race, defendant intentionally refused to do business with or contract with the plaintiffs on the basis of their race.

27. Defendant's discriminatory actions violate Minn. Stat. §363.03, subd. 8a, which prohibits business discrimination for persons "engaged" in a trade or business or in the provision of a service.

28. As a result of the defendant's discriminatory acts, the plaintiffs have suffered embarrassment, emotional distress, humiliation and indignity, each in amounts to be determined at trial.

**VII. COUNT THREE**
**(Public Accommodations Discrimination under**
**Title II -- 42 U.S.C. §2000a)**

29. Plaintiffs reallege the allegations in paragraphs 1 through 28 of this complaint.

30. Daddy Rock's is a "place of public accommodation," or facility selling food and drink for consumption on its premises, within the meaning of 42 U.S.C. §2000a(b). Its operations affect commerce because it offers to serve interstate travelers or a substantial portion of the consumable goods and products it sells have moved in commerce, within the meaning of 42 U.S.C. §2000a(c).

31. Defendant engaged in practices which denied, deprived, or otherwise interfered with the rights of plaintiffs to the full use and enjoyment of the services, facilities, privileges, advantages, and accommodations of Daddy Rock's.

32. The defendant's agents and employees refused to permit the plaintiffs to enter the defendant on the basis of their race. With this action, the defendant denied plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its public premises because of their race, color, and ethnicity.

33. Defendant's discriminatory actions violate 42 U.S.C. 2000a (a), which prohibits discrimination with regard to public accommodations.

34. As a result of the defendant's discriminatory acts, the plaintiffs have suffered embarrassment, emotional distress, humiliation and indignity, and loss of enjoyment of life, each in amounts to be determined at trial.

35. On February 25, plaintiffs sent a written notice the Minnesota Department of Human Rights (MDHR) of their claims under 42 U.S.C. §2000(a). A copy of plaintiffs' written

notific is attached as Exhibit 1, pursuant to Rule 10(c), Fed. R. Civ. Pro. This action is commenced more than 30 after plaintiffs' written notice of claim to the MDHR.

## VI. RELIEF

WHEREFORE, the plaintiffs, for themselves and all other members of the class, pray for judgment of this court against the defendant for all available relief, including:

a. Determining that this claim should proceed as a class claim on behalf of the class described above, and, if appropriate, authorize proper notice to the class;

b. Awarding the named plaintiffs and each member of the class they represent all available relief under 42 U.S.C. §1981 and the Minnesota Human Rights Act, including compensatory damages for mental and emotional anguish and distress, loss of enjoyment of life, and appropriate punitive damages, each in amounts to be determined at trial.

c. Ordering that the defendant refrain from denying customers the right to enter its establishment on the basis of their race; enjoining the defendant, its agents, employees, successors and assigns from refusing to enter into contracts with the plaintiffs; ordering the defendant to refrain from engaging in any practice which discriminates against the plaintiffs because of their race, color and ethnicity in violation of 42 U.S.C. §1981, Minn. Stat. §363.03, subd. 3 and subd. 8a, and 42 U.S.C. §2000a; and retaining jurisdiction of this case until such time as the court is assured from the activity of the defendant that its violations of the plaintiffs' rights have ceased and they are no longer threatened and that the effects of the past violations have been remedied.

d. Granting the named plaintiffs and the class they represent their costs, disbursements and reasonable attorneys' fees pursuant to Minn. Stat. §363.14 subd. 3, 42 U.S.C.

§1988, and 42 U.S.C. §2000a-3.

Dated: June 30, 2000

Hedin & Goldberg, P.A.

Elizabeth A. Glidden (#238387)
Daniel S. Goldberg (#207354)
Douglas A. Hedin (#43205)
2100 Stevens Ave. South
Minneapolis, MN 55404
(612) 871-5500/phone
(612) 871-1312/fax

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Allen Glenn and Walter Linwood Anderson III, on behalf of themselves and all similarly situated individuals,**

**Plaintiffs,**

**vs.**

**JURY DEMAND**

**Daddy Rock's, Inc.,**

**Defendant.**

---

A jury trial is demanded on all counts in the plaintiffs' amended complaint.

Dated: June 20, 2000

Hedin & Goldberg, P.A.

Elizabeth A. Glidden (#238387)
Daniel S. Goldberg (#207354)
Douglas A. Hedin (#43205)
2100 Stevens Ave. South
Minneapolis, MN 55404
(612) 871-5500/phone
(612) 871-1312/fax

Attorneys for Plaintiffs

HEDIN & GOLDBERG, P.A.
LAWYERS
2100 STEVENS AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55404-2533
612/871-5500: PHONE • 612/871-1312: FAX

DOUGLAS A. HEDIN
DANIEL S. GOLDBERG
ELIZABETH A. GLIDDEN

OF COUNSEL:
ANDREA F. RUBENSTEIN

February 25, 2000

Janeen E. Rosas
Commissioner of Human Rights
Minnesota Department of Human Rights
500 Bremer Tower
Seventh Place and Minnesota Streets
St. Paul, MN 55101

**Re: Notice of public accommodations discrimination to State Agency in Accordance with 42 U.S.C. §2000a-3(c).**

Dear Commissioner Rosas:

We represent Allen Glenn and H. Linwood Anderson, on behalf of themselves and all similarly situated individuals, in claims of public accommodations discrimination in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a, against Daddy Rock's, Inc. Daddy Rock's is a bar and restaurant located at 315 - First Avenue North, Minneapolis, Minnesota 55401. The claimants are African American men who have been denied entrance to Daddy Rock's on the basis of their race, acts which interfered with their rights to the full use and enjoyment of the services, facilities, privilege, advantages, and accommodations of Daddy Rock's.

We send you this notice in accordance with 42 U.S.C. §2000a-3(c), which provides that when state law prohibits the alleged act at issue, notice must be given to the appropriate State authority thirty (30) days before a civil action may be brought under Title II.

If you wish to discuss this in further detail, we will be available to answer any questions you may have. I have attached a copy of the complaint, which was filed in federal court today.

Sincerely,

Elizabeth Glidden
Encl.

EXHIBIT 1